**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**
WESTERN DIVISION

| | | |
|---|---|---|
| **BRADLEY J. KING,** *et al.,* | : | CASE NO.: 3:18-cv-02248 |
| *Plaintiffs* | : | Judge Jack Zouhary |
| -vs- | | |
| | : | Magistrate Judge  James R. Knepp, II |
| **BANK OF AMERICA, N.A.,** *et al.,* | : | **MEMORANDUM IN** |
| *Defendants* | : | **OPPOSITIONTO MOTION TO** |
| | | **DISMISS OF DEFENDANTS** |
| | | **PENNYMAC LOAN** |
| | | **SERVICES, LLC AND MERS** |

Now come Plaintiffs Bradley J. King and Anita King, by and through Counsel Omar Shaaban, and respectfully oppose the Motion to Dismiss filed by Defendants PennyMac Loan Services, LLC and Mortgage Electronic Registration Systems, Inc., pursuant to and in accordance with Rule 12(b), Rule 8, and Rule 9 of the Federal Rules of Civil Procedure.  The grounds in support of the instant oppositions are fully set forth in the attached Memorandum in Opposition that is incorporated herein by reference.

- 1 -

Respectfully submitted,

Omar Shaaban Counsel for Plaintiffs

CERTIFICATE OF SERVICE

This is to certify that the foregoing Memorandum in Opposition to Motion to Dismiss was filed electronically this 16th day of January, 2019.  Notice this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and said parties may access this filing through the Court's system.

Omar Shaaban Counsel for Plaintiffs

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

SUMMARY OF THE ARGUMENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

STANDARDS OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

LAW AND ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

    A.    The doctrine of *res judicata* does not preclude any of the
            Plaintiffs' claims pursuant Civil Rule 12(B)(6) motion or
            any other law, rule or otherwise . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

    B.    The Plaintiffs have standing to challenge the assignments in
            question and the Court has subject-matter jurisdiction over
            the Plaintiffs' claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

    C.    The Plaintiffs' claims and allegations set forth in the
            Complaint, Ohio Deceptive Trade Practices Act, are
            sufficient to overcome a Civil Rule 12(B)(6) motion . . . . . . . . . . .   14

    D.    The Plaintiffs' claims and allegations set forth in the
            Complaint, Federal Statutory and Regulatory Violations,
            are sufficient to overcome a Civil Rule 12(B)(6) Motion . . . . . . . .   15

        1.    TILA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

        2.    RESPA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

        3.    FDCPA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

    E.    The Plaintiffs' claims and allegations set forth the
            Complaint, Breach of Fiduciary Duties, are sufficient to
            overcome a Civil Rule 12(B)(6) motion . . . . . . . . . . . . . . . . . . . . .   19

    F.    The Plaintiffs' claims and allegations set forth in the
            Complaint, Fraudulent Misrepresentation and Inducement,
            are sufficient to overcome a Civil Rule 12(B)(6) motion . . . . . . . .   22

i

G.    The Plaintiffs' claims and allegations set forth in the Complaint, Civil Conspiracy, are sufficient to overcome a Civil Rule 12(B)(6) motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    23

H.    The Plaintiffs' claims and allegations set forth in the Complaint, OCPA - RICO, are sufficient to overcome a Civil Rule 12(B)(6) motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    24

I.    Any and all claims and causes of action before this Court were filed within the applicable statutory of limitations, whether in real-time or within any applicable equitable tolling period of time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    26

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    27

CERTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    28

ii

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

<u>ABM Farms, Inc. v. Woods</u> (1998), 81 Ohio St.3d 498 ............................................. 22

<u>Anderson v. Barclay's Capital Real Estate</u>, Inc., 136 Ohio St.3d 31,

  2013-Ohio-1933 ........................................................................ 26

<u>Arizona v. California</u>, 530 U.S. 392 (2000).................................................................. 10

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009)........................................................................ 7

<u>Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>,

  459 U.S. 519 (1983)........................................................................ 7

<u>Bank of America, N.A. v. Gray</u>, 2013-Ohio-712........................................................ 11

<u>Bank of New York v. Jordan</u>, 8th Dist. No. 88619, 2007-Ohio-4293 ...................... 16

<u>Beach v. Ocwen Fed. Bank</u> (1998), 523 U.S. 410 ...................................................... 16-17

<u>Cesare v. Work</u> (1987), 36 Ohio App.3d 26 ............................................................... 15

<u>Clark v. Amoco Prod. Co.</u>, 794 F.2d 967 (5th Cir.1986)............................................ 8

<u>Conley v. Gibson</u>, 355 U.S. 41 (1957)........................................................................ 6-7

<u>Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.</u>, 106 Ohio St.3d 412,

  2005-Ohio-5409 ........................................................................ 21

<u>Delman v. Cleveland Heights</u> (1989), 41 Ohio St.3d 1 ............................................. 20

<u>Dowling v. Litton Loan Serving, L.P.</u>, 2006 U.S. Dist. LEXIS 87098

  (S.D. Ohio 2006)........................................................................ 25

<u>Edwards v. City of Goldsboro</u>, 178 F.3d 231 (4th Cir.1999) ..................................... 7

EPCO Carbon Dioxide Prods., Inc. v. J.P. Morgan Chase Bank, N.A.,

  467 F.3d 466 (5th Cir.2006) ................................................... 8

ETW Corp. v. Jireh Publ'g, Inc., 332 F.3d 915 (6th  Cir. 2003) ............................... 14

Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn.

  (1990), 54 Ohio St.3d 1 ........................................................ 21

Foman v. Davis, 371 U.S. 178 (1962) ........................................................ 12,23

Foster v. DBS Collection Agency, 463 F. Supp.2d 783 (S.D. Ohio 2006) .............. 11

Grant Thornton v. Windsor House, Inc. (1991), 57 Ohio St.3d 158 ........................ 13

Grava v. Parkman Township (1995), 73 Ohio73 Ohio St.3d 379............................ 10

Griffin v. Porco (Apr. 24, 1996), 1st Dist. No. C-941013, 1996 WL 194242........... 13-14

Groob v. Keybank, 108 Ohio St.3d 348, 2006-Ohio-1189........................................ 20

Haller v. Borror Corp. (1990), 50 Ohio St.3d 10........................................................ 22

Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774 (7th Cir. 1994) .................. 6

Hardy v. Regions Mortg., Inc. (11th Cir. 2006) 449 F.3d 1357 ................................ 17

Harvey v. Great Seneca Fin. Corp., 453 F.3d 324 (6th Cir.2006) ............................ 19

Heartland of Urbana OH, LLC v. McHugh Fuller Law Group, PLLC,

  2nd Dist. No. 2016-CA-3, 2016-Ohio-6959 ............................................. 15

Hill v. Sonitrol of Southwestern Ohio, Inc. (1988), 36 Ohio St.3d 36 ..................... 13

HSBC Bank USA, N.A. v. Thompson, 090310 OHCA2, 23761, 2010-Ohio-415.... 13

Ibarra v. United States, 120 F.3d 472 (4th Cir.1997) ................................................. 7

Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990)............................................ 27

iv

Kansa Reinsurance Co. v. Congressional Mtg. Corp. of Tex., 20 F.3d 1362

  (5th Cir.1994)..................................................................................... 8

Kline v. Mortgage Electronic Systems, Inc., S.D. Ohio Docket No. 3:08cv408

  (March 29, 2011) ............................................................................... 25

Lawrence v. Lorain Cty. Community College (1998), 127 Ohio App.3d 546 ......... 20

Leber v. Buckeye Union Ins. Co. (1997), 125 Ohio App.3d 321 ............................. 13

Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75 ......................... 20

Microsoft Corp. v. McGee, 490 F. Supp. 2d 874 (S.D. Ohio 2007)......................... 14

MorEquity, Inc. v. Naeem (N.D.Ill. 2000) 118 F.Supp.2d 885 ............................... 17

Mylan Lab., Inc. v. Matkari, 7 F.3d 1130 (4th Cir. 1993) ....................................... 7

Nami v. Fauver, 82 F.3d 63 (3d Cir. 1996)............................................................... 7

O'Nesti v. DeBartolo Realty Corp. (2007), 113 Ohio St.3d 59 ............................... 9

Parrino v. FHP, Inc., 146 F.3d 699 (9th Cir. 1998) ................................................. 7

Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192

  (3rd Cir. 1993).................................................................................... 10

Pickle v. Swinehart (1960), 170 Ohio St. 441 ......................................................... 24

Portage Cnty. Bd. of Comm'rs v. City of Akron (2006), 109 Ohio St.3d 106.......... 9

Quality Ready Mix, Inc. v. Mamone (1988), 35 Ohio St.3d 224 ............................. 11

Renner v. Procter & Gamble Co. (1988), 54 Ohio App.3d 79 ................................. 25

Riley v. Giguiere, 631 F.Supp.2d 1295 (E.D. Cal. 2009)......................................... 19

Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644 (3rd Cir. 1998)............. 23

Rotella v. Wood, 528 U.S. 549 (2000) ..................................................................... 16,26

v

Ruiz-Bueno v. Maxim Healthcare Services, Inc. (6th Cir. 2016),

   Case No. 15-3797 ............................................................................ 16,26

RWP, Inc. v. Fabrizi Trucking & Paving Co., 8th Dist. No. 87382,

   2006-Ohio-5014 .............................................................................. 21

Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985) ............................... 25

SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334 (11th Cir. 2010) ..... 11

Siebert v. Columbus & Franklin Cty. Metro. Park Dist. (Dec. 28, 2000),

   10th Dist. No. 00AP-583, 2000 WL 1877585 ........................................... 13

Smith v. Transworld Sys., Inc., 953 F.2d 1025 (6th Cir. 1992) ................................ 19

State ex rel. Davis v. Public Emples. Ret. Bd., 120 Ohio St.3d 386,

   2008-Ohio-6254 .............................................................................. 10

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992 (2002) ................................................ 6

Todd v. Weltman Weinberg & Reis Co., LPA, No. 1:03cv171,

   2008 U.S. Dist. LEXIS 11350 (S.D. Ohio Feb. 14, 2008) ........................ 11

Van Dorn Co., Central States Can Co. Div. v. Howington, 623 F.Supp. 1548

   (N.D. Ohio 1985) ............................................................................ 25

Williams v. Aetna Fin. Co., (1998), 83 Ohio St.3d 464 ........................................... 22,24

Yamamoto v. Bank of New York (9th Cir. 2003), 329 F.3d 1167 ............................. 16

**Statutes**

R.C. 1345.02. ............................................................................. 18,25

R.C. 4165.01, *et seq.*................................................................... 14-15

R.C. 4165.02. ............................................................................. 14-15

R.C. 4165.03. ............................................................................. 15

U.S.C. 12, §2602 ........................................................................ 17-18

U.S.C. 12, §2605 ........................................................................ 17-18

U.S.C. 15, §1601 ........................................................................ 16

U.S.C. 15, §1611 ........................................................................ 16-17

U.S.C. 15, §1640 ........................................................................ 16-17

U.S.C. 15, §1641 ........................................................................ 18

U.S.C. 15, 1692, *et seq.*............................................................. 18-20

U.S.C. 18, §1964 ........................................................................ 25

**Rules**

Fed. R. Civ. P. 8(A) ................................................................... 6

Fed. R. Civ. P. 9 ........................................................................ 23

Fed. R. Civ. P. 12(b) ................................................................. 6-26

Fed. R. Civ. P. 15 ...................................................................... 12,23

## SUMMARY OF THE ARGUMENTS

On September 4, 2018, Plaintiffs Bradley J. King and Anita King (hereinafter referred to as the "Plaintiffs") filed a Complaint in the Wood County Court of Common Pleas, Ohio, against Defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., Pennymac Loan Services, LLC, BAC Home Loans Servicing, LP, Polaris Home Funding Corp., Clunk, Hoose Co., LPA (named as Law Offices of John D. Clunk Co., LPA), and Valerie White.  On September 28, 2018, Defendants Mortgage Electronic Registration Systems, Inc. and Pennymac Loan Services, LLC (hereinafter referred to as the "Moving Defendants") filed a Notice of Removal to this Court.

The crux of the Complaint relates to a Note and Mortgage between the Plaintiffs and Defendant Polaris, dated May 26, 2010, executed in the amount of $65,280.00, and subsequent transactions and proceedings thereafter.  The Complaint alleges various causes of action based upon Ohio and/or federal law, but all related to the origination, closing, modification, collection, and servicing of the loan and subsequent modification thereof, as set forth below.

The Complaint sufficiently alleges the elements of each cause of action, the necessary facts to support such claims at this stage, and the grounds for which prove that no statute of limitations has been breached.  The merits of the Plaintiffs' claims cannot be determined at this stage and the Moving Defendants' Motion to Dismiss must be denied.

## STATEMENT OF THE FACTS

Prior to May, 2015, the Plaintiffs were the titled and true owners of the subject Property located at 218 North 2nd Street, North Baltimore, Ohio 45872, Permanent Parcel No. F23-310-

1

260306003000, in the County of Wood, State of Ohio. (Complaint, ¶15). On May 26, 2010, the Plaintiffs executed a Promissory Note with Defendant Polaris relative to the Property, in the sum of $65,280.00 with a maturity date of June 1, 2040. (Complaint, ¶16, Exhibit A). On May 28, 2010, a Mortgage was recorded in the Wood County Recorder's Office Volume 2975, Page 281. (Complaint, ¶17, Exhibit B). The Note and Mortgage expressly designated Defendant Polaris as the "lender". (Complaint, ¶18). However, the Mortgage attempted to "nominate" Defendant MERS as "nominee" for Defendant Polaris. (Complaint, ¶19).

The Note contains an unenforceable, invalid, and undated "Pay to the Order of" endorsement; attempting to "pay to the order of" Defendant BOA from Defendant Polaris. (Complaint, ¶20). The Defendants have also alleged an unenforceable, invalid, and undated "Pay to the Order of" endorsement on a separate, unpaginated, and otherwise blank piece of paper, attempting to "pay to the order of" Defendant BOA from an unknown source. (Complaint, ¶21). The alleged endorsements are invalid and unenforceable and could not and did not transfer or assign any rights or interests to any Defendant pursuant to Ohio Revised Code Section 1303.24(A) and all other applicable law. (Complaint, ¶22).

Notwithstanding the foregoing, an Assignment of Mortgage, dated October 24, 2011, from Defendant MERS to Defendant BOA, as an alleged successor of Defendant BAC Home Loans, was recorded with the Wood County Recorder on or about November 4, 2011, Volume 3084, Pages 4-5. (Complaint, ¶23, Exhibit C). The attempted Assignment of Mortgage was allegedly signed by Defendant White, as an alleged "Assistant Secretary" of Defendant MERS, allegedly prepared and notarized by a Notary in the County of Ventura, State of California.

2

(Complaint, ¶24). At said time, Defendant White was employed by Defendant Bank of America, N.A. and/or Defendant BAC Home Loans, as an "auditor". (Complaint, ¶25).

Defendant White is a well-known nationwide "robo-signer" of loan and mortgage instruments. (Complaint, ¶29). The signature of Defendant White may have been forged to expedite the assembly-line process outlined above even faster and/or for other improper, fraudulent, and/or otherwise unenforceable purposes. (Complaint, ¶30).

No Defendant had or has the capacity to obtain a current interest, to transfer or assign any interest, whether directly or indirectly, and thus each has no right to attempt or initiate any foreclosure proceeding relative hereto. (Complaint, ¶31). A nominee of the owner of a note and mortgage may not effectively assign the note and mortgage to another for want of an ownership interest in said note and mortgage by the nominee. (Complaint, ¶32).

Defendant MERS was not a proper, enforceable agent and/or representative of any other Defendant.  Even if so, Defendant MERS had only those powers given to it and authorized by the alleged principal which, in the instant matter, did not include the right to assign the subject Note and/or Mortgage as "nominee". (Complaint, ¶33). Knowing or realizing that other said parties were engaging in or planning to engage in unlawful conduct, each other said nevertheless facilitated the commission of those unlawful acts. (Complaint, ¶34).

The Defendants intended to and did encourage, facilitate or assist in the commission of the unlawful acts, and thereby aided and abetted the other said parties in the unlawful conduct. (Complaint, ¶35). The Defendants engaged in continuous and multiple unfair and deceptive trade practices, fraud and misrepresentations that affected interstate commerce and proximately caused

3

the herein injuries to the Plaintiffs, jointly and separately. (Complaint, ¶36). All or some of the Defendants are debt collectors, as defined by 15 U.S.C. § 1692, *et seq*. (Complaint, ¶37).

Thus, the mortgage title and/or interest were never officially transferred to Defendant BOA. (Complaint, ¶38). As mandated by law, the Plaintiffs were not duly, adequately, properly and/or timely notified of said sale, transfer, right to rescind, assignment or otherwise as set forth herein. (Complaint, ¶39). The Plaintiffs each reasonably relied upon the trust, promises and representations of the Defendants and/or otherwise related entities to their joint and separate detriments. (Complaint, ¶40).

Based upon the foregoing, the Defendants each forever lost the ability to enforce, control or otherwise foreclose on the Property, including the right to assign or be assigned the alleged Mortgage and/or endorse the Note. (Complaint, ¶41). Based upon Ohio and federal law, the alleged Note can be no more than a non-performing non-secured debt, if even enforceable at law. (Complaint, ¶42). The purported Note was unduly confusing and written for the purpose of drawing the Plaintiffs into a default. (Complaint, ¶43).

Defendant MERS was established in or around 1993 by members of the mortgage banking industry so as to create a centralized document custodial system through which mortgages can be easily transferred between members without having to record or pay county filing fees for such assignments. (Complaint, ¶44). At no time whatsoever did the Plaintiffs ever execute a note naming Defendant MERS as a party, nor were they ever notified or informed of a transfer of the note to Defendant MERS, if such even occurred. (Complaint, ¶45). The aforementioned prior alleged transfers, endorsements, sales, mergers, assignments, and/or

otherwise were done by the Defendants, jointly and/or severally, for purposes of deception, fraud, confusing and therefore harming the Plaintiffs, jointly and severally. (Complaint, ¶46).

On November 14, 2011, Defendant BOA improperly and without right filed a foreclosure against the Plaintiffs in Bank of America, N.A. v. Bradley J. King, et al., Wood County Court of Common Pleas, Case No. 2011CV0956, against both of the Plaintiffs. (Complaint, ¶48). Defendant BOA improperly and fraudulently claimed that it was due on the subject Note and Mortgage the sum of $64,359.50, plus interest at the rate of 5.25% per annum, from June 1, 2011. (Complaint, ¶49). On November 28, 2011, the Plaintiffs duly and timely defended the matter by filing a joint Answer against the foreclosure complaint. (Complaint, ¶50).

On March 28, 2012, an unenforceable, invalid, void, voidable, and/or inequitable judgment and decree of foreclosure was entered in favor of Defendant BOA against the Plaintiffs. (Complaint, ¶51). On January 2, 2015, the Plaintiffs attempted to have the judgment and decree of foreclosure set aside and vacated upon good, proper, and good faith grounds, as well as stay the impending sheriff sale. (Complaint, ¶52). Notwithstanding, the trial court improperly denied the motion to set aside and vacate on or about January 7, 2015. (Complaint, ¶53).

After bankruptcy proceedings and unsuccessful sheriff sales, the property was allegedly sold at Sheriff Sale on or about January 8, 2015 to Defendant BOA for $84,264.00, including involvement with Defendant BAC Home Loans. (Complaint, ¶54). Ostensibly, the property was then transferred and/or sold to Defendant PennyMac by Defendant BOA and/or Defendant BAC Home Loans. (Complaint, ¶55). On February 6, 2015, the Plaintiffs filed a motion to stay any confirmation of the Sheriff Sale; however to no avail as the trial court entered a Decree of

Confirmation and Deed on or about April 14, 2015. (Complaint, ¶56). On or about August 31, 2015, the trial court issued a Writ of Possession and the Plaintiffs were thereafter wrongfully forced to vacate their Property and home. (Complaint, ¶57). Defendant Clunk, Hoose Co., LPA (hereinafter referred to as "Defendant Law Firm") improperly, fraudulently, and/or otherwise for inappropriate purposes or otherwise prepared, processed, signed through its employees/attorneys, authenticated, filed, prosecuted, executed, and/or otherwise, the alleged assignment, foreclosure proceedings, the foreclosure judgment, sale of the Property, transfer of interest, and eventual forceful eviction of the Plaintiffs from their Property and home. (Complaint, ¶59).

## STANDARDS OF REVIEW

The Moving Defendants seek dismissal of the Plaintiffs' Complaint pursuant to Rule Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In other words, the Moving Defendants claim that the Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.  The Defendants' arguments are wholly without merit and must be denied.

Rule 8(a)(1) of the Federal Rules of Civil Procedure is satisfied if the complaint ". . . say[s] enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear."  Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 778 (7th Cir. 1994).  Civil Rule 8(a)(2) also requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  To comply with this requirement, a claimant need not "set out in detail the facts upon which he bases his claims," but must "give the defendant fair notice of what the Plaintiffs' claim is and the grounds upon which it rests".  Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 998 (2002); Conley v. Gibson,

355 U.S. 41, 47 (1957).  Accordingly, the Complaint satisfies Civil Rule 8(a) and should not be dismissed as requested by the Moving Defendants.

Rule 12(b)(6) of the Federal Rule of Civil Procedure provides that this Court may dismiss a complaint ". . . for failure to state a claim upon which relief can be granted."  In considering a Civil Rule 12(b)(6) motion, the Court must accept as true all of the factual allegations contained in the complaint and any reasonable inferences that can be drawn therefrom.  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Dismissal of claims under Civil Rule 12(b)(6) may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Thus, this Court must view the allegations of the Complaint in the light most favorable to the Plaintiffs.  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir.1997).  The intent of Civil Rule 12(b)(6) is to test the sufficiency of a complaint; ". . . importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999).

The "plausibility" standard, as articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), provides that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged".  The Court must accept the allegations in the Plaintiffs' Complaint as true and draw all reasonable factual inferences from those facts in the Plaintiffs' favor.  Mylan Lab., Inc. v. Matkari, 7 F.3d 1130 (4th Cir. 1993); Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

The Plaintiffs' Complaint is well-pleaded, plausible, and, after assuming all of the allegations to be true, the Plaintiffs will prove each and every set of facts which will lead to relief therefore.

## LAW AND ARGUMENT

A.    **The doctrine of *res judicata* does not preclude any of the Plaintiffs' claims pursuant Civil Rule 12(B)(6) motion or any other law, rule or otherwise.**

The Moving Defendants claim that Plaintiffs' claims are barred through the applicable of the doctrine of *res judicata*.  However, the Plaintiffs' claims as set forth in the Complaint are viable and should be dismissed for purposes of Civil Rule 12(b) or otherwise.

Rule 8 of the Federal Rules of Civil Procedure classifies res judicata as a distinct affirmative defense.   Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir.1986).  Although a claim may be dismissed if a successful affirmative defense appears clearly on the face of the pleadings, the particular ground for opposing a claim on the basis of "failure to state a claim ". . . depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract".  Id.; See also, EPCO Carbon Dioxide Prods., Inc. v. J.P. Morgan Chase Bank, N.A., 467 F.3d 466, 470 (5th Cir.2006).   An affirmative defense must appear on the face of the complaint, not the arguments or alleged facts of the movant.  Kansa Reinsurance Co. v. Congressional Mtg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir.1994).

The Moving Defendants intimate that the Plaintiffs' allegations are so vague that they do not put the Defendants on proper notice of what conduct Plaintiffs contend supports their claims. However, when read in context of the entirety of the Complaint as well as the exhibits relied upon, it is clear that the allegations in Plaintiffs' Complaint give all Defendants sufficient notice

of the basis for Plaintiffs' claims. There is no mystery what the Plaintiffs are alleging and what causes of action the Defendants must defend.

Notwithstanding, since Civil Rule 12(B) does not list *res judicata* among the defenses that may be raised by a motion to dismiss and the necessity of relying on matters outside the pleadings to establish *res judicata* precludes the application of a Civil Rule 12(B)(6) motion to dismiss in the instant matter. The Plaintiffs' Complaint adequately sets forth their claims and there is nothing in the pleadings, regardless of the prior state foreclosure proceeding, which show that affirmative unequivocally on its face. There are new, non-compulsory parties and new claims which are outside of the foreclosure arena.

Under Ohio law, the doctrine of *res judicata* consists of the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel. O'Nesti v. DeBartolo Realty Corp. (2007), 113 Ohio St.3d 59. Claim preclusion, "prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action". Id. 61. Claim preclusion also bars subsequent actions involving claims which "could have been litigated". Id.

Claim preclusion includes four elements: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action". Portage Cnty. Bd. of Comm'rs v. City of Akron (2006), 109 Ohio St.3d 106, 122-23. To support a claim of issue preclusion, a party must prove three elements: (1) the precise fact or issue was "actually and directly litigated in the prior action; (2)

9

was passed upon and determined by a court of competent jurisdiction, and (3) . . . the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action".  State ex rel. Davis v. Public Emples. Ret. Bd., 120 Ohio St.3d 386, 2008-Ohio-6254.

Pursuant to Ohio law, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.  Grava v. Parkman Township (1995), 73 Ohio St.3d 379.  A "transaction" is defined as a common nucleus of operative facts.  Id.

For purposes of *res judicata* analysis, an issue has not been actually litigated "[i]n the case of a judgment entered by confession, consent, or default".  Arizona v. California, 530 U.S. 392, 414 (2000).  As alleged by the Plaintiffs, the state court's Decree of Foreclosure was entered through a motion for default judgment.  (Complaint, ¶66).  Accordingly, the doctrine of *res judicata* does not apply in this matter even for consideration.

In fact, the subject matter of the foreclosure action was simply the alleged liability of the Plaintiffs regarding the note and mortgage. The subject matter of the instant litigation, in contrast, is the liability of the Defendants for violations of separate law.

The Moving Defendants make reference to the state foreclosure proceeding. Certain moving defendants have proffered extraneous exhibits.  In evaluating a motion to dismiss under Civil Rule 12(b)(6), a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3rd Cir. 1993).  The extraneous documents must be deemed central to the plaintiff's claims.

10

SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010). The Moving Defendants' attachments do not comply therewith and cannot be considered.

Regardless, the two suits do not arise out of the same nucleus of operative facts. See, e.g., Foster v. DBS Collection Agency, 463 F. Supp.2d 783 (S.D. Ohio 2006) (holding that state debt collection action did not, under Ohio claim preclusion law, bar federal action challenging defendants' conduct in the state action because two cases arose out of different operative facts); Todd v. Weltman Weinberg & Reis Co., LPA, No. 1:03cv171, 2008 U.S. Dist. LEXIS 11350 (S.D. Ohio Feb. 14, 2008) at 19 (holding that state debt collection case did not trigger claim preclusion under Ohio law where federal FDCPA case was based on unlawful misrepresentations in the state case); Quality Ready Mix, Inc. v. Mamone (1988), 35 Ohio St.3d 224 (ruling that prior judgment on rights pertaining to real property did not bar subsequent action relating to the same property because "the obligations sought to be enforced by the two actions are separate and distinct").

In a contract with an acceleration clause, such as a note and mortgage, a breach constitutes a breach of the entire contract. Bank of America, N.A. v. Gray, 2013-Ohio-712. The obligations to pay each installment merged into one obligation to pay the entire balance on the note. Id. The actions upon which the Plaintiffs' claims rest were not complete until the final judgment was rendered and attempted to be executed upon. Thus, *res judicata* does not apply here.

Certainly, in the instant matter, the foreclosure judgment and execution thereon are relevant, yet they are not the sole foundation of the Plaintiffs' claims. The Plaintiffs' claims begin with the inception of the mortgage and note (to wit: loan) and end with losing their home.

11

The federal claims, and related state claims, go well-beyond the mere defense of a state foreclosure proceeding or attempt at a second "bite of the apple". The Moving Defendants' lengthy recitations and re-litigation of the underlying foreclosure action are red herrings.

Accordingly, the Plaintiffs' instant removed federal suit does not arise out of the same transaction or occurrence as the state foreclosure proceeding, *res judicata*, whether issue or claim preclusion, does not now bar the Plaintiffs' claims.  The Plaintiffs' claims before this Court arise from conduct and misrepresentations involving different facts, dates, evidence, and legal questions than the state foreclosure action and contain additional parties.

Despite the Moving Defendants' drawn-out narration of judicial estoppel and the prior bankruptcy proceedings, such are closed and the claims were not viable and/or fully known for estoppel purposes.  The Moving Defendants' argument is wholly without merit.  Certainly, the substantive issues of the closed bankruptcy proceedings and estates and closed foreclosure matter cannot be properly relied upon or addressed in a Civil Rule 12 motion.

Even assuming *arguendo* that Plaintiffs' Complaint is not sufficiently "particular" in this Court's opinion, the question would then become whether or not to grant Plaintiffs leave to replead these causes of action.  Pursuant to Rule 15 of the Federal Rules of Civil Procedure "[l]eave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  At the very least then, the Plaintiffs should be given that opportunity. The Motion to Dismiss should be denied regardless.


    **B.**    **The Plaintiffs have standing to challenge the assignments in question and the Court has subject-matter jurisdiction over the Plaintiffs' claims.**

The Plaintiffs have standing and the legal right to challenge the assignments in question. Ohio courts have correctly held that a homeowner may challenge the validity of an assignment from an original mortgagee to a current alleged creditor.  See, e.g., HSBC Bank USA, N.A. v. Thompson, 090310 OHCA2, 23761, 2010-Ohio-415.  The Complaint more than sufficiently sets forth the Plaintiffs injuries, well-beyond any mere hypothetical claim.

The Plaintiffs are third party beneficiaries to the alleged assignments and thus would have standing to challenge the same.  An intended third party beneficiary of a contract can bring an action on that contract.  Grant Thornton v. Windsor House, Inc. (1991), 57 Ohio St.3d 158.  In Hill v. Sonitrol of Southwestern Ohio, Inc. (1988), 36 Ohio St.3d 36, 40, the Ohio Supreme Court held that if the promisee intends that a third party should benefit from the contract, then that third party is an "intended beneficiary" who has enforceable rights under the contract.  In the instant matter, it is clear the Plaintiffs were intended beneficiaries as the assignments and/or trust were allegedly of an ongoing obligation for which the Defendants stressed in the state action was for the benefit of the Plaintiffs. The Defendants in this case, who ostensibly engaged in their private dealings voluntarily, must answer for the questionable transactions and establish a legal right and interest in the property in question.

An assignment is a transfer of property or of some right or interest from one person to another that causes the property, right, or interest to vest in the other person. Siebert v. Columbus & Franklin Cty. Metro. Park Dist. (Dec. 28, 2000), 10th Dist. No. 00AP-583, 2000 WL 1877585; Leber v. Buckeye Union Ins. Co. (1997), 125 Ohio App.3d 321, 332.  Generally, an assignment extinguishes the right in the assignor and transfers it to the assignee. Griffin v. Porco (Apr. 24, 1996), 1st Dist. No. C-941013, 1996 WL 194242.  The assignee "stands in the shoes of the

assignor" and "succeeds to all the rights, obligations and remedies of the latter.  Id.  Based upon the foregoing, the Motion to Dismiss must be dismissed.

**C.    The Plaintiffs' claims and allegations set forth in the Complaint, Ohio Deceptive Trade Practices Act, are sufficient to overcome a Civil Rule 12(B)(6) motion.**

The allegations in the Complaint are sufficient to survive a Civil Rule 12(B) request for dismissal. The Plaintiffs' Complaint is sufficient in that it alleges the application and violation of the Ohio Deceptive Trade Practices Act and facts which support said claims.  The Motion to Dismiss must be denied.

By making, acquiescing in, adopting, servicing, and/or otherwise accepting the aforementioned false, inaccurate, and/or deceptive claims, the Defendants each violated Ohio Revised Code Section 4165.02.  The Defendants used deceptive representations in connection with the loan modification in violation thereof.  The Defendants represented that the loan modification were of a particular standard, quality, and affordability when in fact they are not, and caused the likelihood of confusion and/or misunderstanding as to the terms and conditions thereof in violation of applicable law.

The analysis of an unfair competition claim under Ohio's Deceptive Trade Practices Act, Ohio Revised Code Section 4165.01, *et seq*., is the same as for an unfair competition claim under the Lanham Act—likelihood of consumer confusion.  Microsoft Corp. v. McGee, 490 F. Supp. 2d 874, 880-81 (S.D. Ohio 2007); ETW Corp. v. Jireh Publ'g, Inc., 332 F.3d 915, 920 (6th  Cir. 2003).  Any person who is likely to be damaged or is damaged by a person committing a

deceptive trade practice listed in Section 4165.02(A) may commence a civil action to obtain injunctive relief and/or damages.  Id.; R.C. 4165.03(A)(1), (2).

Section 4165.01, *et se*., provides for injunctive relief as well as "actual damages".  Id.  In order to award monetary relief, courts generally require evidence of actual losses suffered by the plaintiff or evidence of actual confusion of some customers.  Cesare v. Work (1987), 36 Ohio App.3d 26, 28.  There is no requirement under the statute that the "injury" be physical.  Id.  The Plaintiffs have alleged all of the necessary requirements, beyond mere legal conclusions.

Section 4165.03 expressly permits any "person" who is damaged or injured as a result of deceptive trade practices act including money damages, attorney's fees, and injunctive relief.  Heartland of Urbana OH, LLC v. McHugh Fuller Law Group, PLLC, 2nd Dist. No. 2016-CA-3, 2016-Ohio-6959, ¶¶45-50.  Accordingly, the Moving Defendants' Motion to Dismiss Count One is wholly without merit.

**D.      The Plaintiffs' claims and allegations set forth the Complaint, Federal Statutory and Regulatory Violations, are sufficient to overcome a Civil Rule 12(B)(6) motion.**

The allegations the Complaint are sufficient to survive a Civil Rule 12(B) request for dismissal.  The Plaintiffs' Complaint is sufficient in that it alleges the application and violation of the cited federal statutory and regulatory provisions and facts which support said claims.  The Motion to Dismiss must be denied.

1. **TILA.**

Even assuming arguendo that the Moving Defendants are correct about the date of "closing" argument, law does exist that the statute of limitations in TILA is subject to equitable tolling and/or the discovery rule, which can suspend the start of the running of the statute of limitations for TILA rescission and TILA claims. "The equitable tolling principles are to be read into every Federal Statute of Limitations unless Congress expressly provides to the contrary in clear and unambiguous language. See, e.g., Rotella v. Wood, 528 U.S. 549, 560-61 (2000); Ruiz-Bueno v. Maxim Healthcare Services, Inc. (6th Cir. 2016), Case No. 15-3797.

Since TILA does not evidence a contrary Congressional intent, it's statute of limitations must be read to be subject to equitable tolling, particularly since the Act is to be construed liberally in favor of consumers". Thus, the statute of limitations starts to run when the claimant knew or should have known or most have known of the grounds for, in this case, TILA Rescission or TILA claims. Failure to satisfy the Act subjects a lender to statutory and actual damages traceable to a lender's failure to make the requisite discloses. Bank of New York v. Jordan, 8th Dist. No. 88619, 2007-Ohio-4293; 15 U.S.C. §1611, §1640.

TILA was enacted ". . . to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit". Yamamoto v. Bank of New York (9th Cir. 2003), 329 F.3d 1167; 15 U.S.C. §1601(a). In furtherance of the aforementioned purposes, TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights". Beach v.

16

Ocwen Fed. Bank (1998), 523 U.S. 410, 412.  Noncompliance with TILA's requirements subjects a creditor to statutory and actual damages.  Id.; 15 U.S.C. 1640.

The Defendants have improperly, incorrectly, and without right or authority refused to honor the Plaintiffs' unconditional right under these circumstances to rescind the Note and Mortgage obligations, if any.  The Defendants have further failed and/or refused to properly and fully disclose the details of the loan and all subsequent alleged interests and attempts to collect by the original alleged lender and subsequent entities, as well as provided the requested and mandatory documents.  The real controversy and justiciable issues are contained in the Complaint.

### 2.  **RESPA.**

The Real Estate Settlement Procedure Act ("RESPA") regulates the settlement process for real estate disputes.  Hardy v. Regions Mortg., Inc. (11th Cir. 2006) 449 F.3d 1357, 1359. RESPA also cover a bank's servicing of mortgage loans regulated by the federal government MorEquity, Inc. v. Naeem (N.D.Ill. 2000) 118 F.Supp.2d 885, 900).  Any mortgage loans secured by a first or subordinate lien on residential real property are regulated by the federal government. 12 U.S.C. § 2602(1)(A).  The Plaintiffs have set forth viable RESPA violations.

RESPA empowers borrowers to pursue damage remedies in the event a loan originator and/or servicer fails to comply with RESPA's provisions. 12 U.S.C. § 2605(f).) An individual borrower asserting a RESPA claim may recover "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a pattern or

practice of noncompliance with the requirements of RESPA.  The statutes authorize an individual borrower to recover the costs, including attorney's fees.  12 U.S.C. § 2605(f)(3).

### 3.    **FDCPA.**

The Plaintiffs also have a cognizable legal claim against the Moving Defendants through the federal Fair Debt Collection Practices Act ("FDCPA") as codified at 15 U.S.C. 1692, et seq. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses".  (15 U.S.C. § 1692(e).  In the instant matter, the Plaintiffs have shown that the Defendants have attempted "debt collection" directly and/or through a "debt collector", who have violated the FDCPA.

The provisions of 15 U.S.C. Section 1641(g) require "the new owner or assignee" (i.e., transferee) of a mortgage loan (e.g., a promissory note) to provide the mortgage borrower (e.g., trustor-debtor) with written notice of the sale, transfer, or assignment in which the mortgage loan was acquired.  15 U.S.C. § 1641(g).  The notice must include: (1) "the identity, address, telephone number of the new creditor"; (2) "the date of transfer"; (3) "how to reach an agent or party having authority to act on behalf of the new creditor"; (4) "the location of the place where transfer of ownership of the debt is recorded"; and (5) "any other relevant information regarding the new creditor".  15 U.S.C. § 1641(g).  The FDCPA also prohibits abusive, false, and misleading debt collection practices by debt collectors. 15 U.S.C. §§ 1692d, 1692e. Similarly, the OCSPA prohibits a supplier from committing "an unfair or deceptive act or practice in

18

connection with a consumer transaction." R.C. 1345.02(A).  The Plaintiffs have alleged these violations due to the purported assignment, sale, servicing arrangement, and/or otherwise of and/or between the Defendants.

Among other things, the Plaintiffs allege that the Defendants made false and misleading representations in violation of 15 U.S.C. § 1692e and engaged in unfair practices in violation of 15 U.S.C. §1692f.  The FDCPA establishes a general prohibition against the use of "[a]ny false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt." 15 U.S.C. §1692e; Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1028 (6th Cir. 1992).

FDCPA claims must be evaluated from the standpoint of the least sophisticated consumer, an objective test used to judge whether conduct violates the FDCPA.  Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 329 (6th Cir.2006).  It is clear from the Complaint that the Plaintiffs allege that the submission of the allegedly fraudulent assignments and like instruments and improper foreclosure constitutes a violation of the FDCPA. The Complaint also alleges the roles that each Defendant played in the underlying note and mortgage.  These facts are sufficient under Rule 12(b)(6).  See, e.g., Riley v. Giguiere, 631 F.Supp.2d 1295, 1309 (E.D. Cal. 2009).


     **E.**     **The Plaintiffs' claims and allegations set forth in the Complaint for Breach of Fiduciary Duties and/or Negligence, are sufficient to overcome a Civil Rule 12(B)(6) motion.**

The  civil allegations in the Complaint are sufficient to survive a Civil Rule 12(B) request for dismissal.  The Plaintiffs' Complaint is sufficient in that it alleges the law and facts which support the claim of fiduciary duties owed by the Moving Defendants and the resulting breaches thereof.  The Motion to Dismiss must be denied.

In Ohio, the elements for a breach of contract are that a plaintiff must demonstrate by a preponderance of the evidence (1) that a contract existed, (2) that the plaintiff fulfilled its obligations, (3) that the defendant failed to fulfill his obligations, and (4) that damages resulted from this failure.  <u>Lawrence v. Lorain Cty. Community College</u> (1998), 127 Ohio App.3d 546, 548-49.   The Plaintiffs have sufficiently pleaded breaches of contract and duties based upon the note and mortgage, and servicing thereof, from the applicable Defendants.

A lender, debt collector, and other similar entities in foreclosure proceedings are fiduciaries to the homeowner and/or debtor.   15 U.S.C. 1692a(6); 15 U.S.C. 1692a(6)(F); 12 U.S.C. 2605, et seq.   Under Ohio law, when such parties understand, whether expressly or impliedly, that a special trust or confidence has been reposed, however, a fiduciary relationship may be established.  <u>Groob v. Keybank</u>, 108 Ohio St.3d 348, 2006-Ohio-1189.  The fiduciary relationship and duties have been properly and sufficiently alleged in the Complaint by and through the law.  The Plaintiffs have pleaded all of the necessary elements of their contract and breaches of fiduciary duties; thus, the Defendant's Motion to Dismiss must be denied.

In Ohio, the elements of any negligence claim are duty, a breach of that duty, and injury proximately resulting from that breach.  <u>Menifee v. Ohio Welding Products, Inc.</u> (1984), 15 Ohio St.3d 75, 76.   The Plaintiffs have adequately pleaded negligence in their Complaint. The Plaintiffs have also sufficiently sets forth claims for breach of fiduciary duties.

Although tort claims are generally barred by the economic loss doctrine, exceptions exist including when based upon misrepresentations.  <u>Delman v. Cleveland Heights</u> (1989), 41 Ohio St.3d 1, 4.  Such has been alleged sufficiently in the Plaintiffs' Complaint.

Economic losses "are intangible losses that do not arise from tangible physical harm to persons or property". RWP, Inc. v. Fabrizi Trucking & Paving Co., 8th Dist. No. 87382, 2006-Ohio-5014, ¶20. Under the economic loss doctrine, a party generally cannot recover purely economic losses in a tort action against another party based upon the breach of contractually created duties.  Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc., 106 Ohio St.3d 412, 2005-Ohio-5409. The reasoning behind the economic loss doctrine is that tort law is not intended to compensate parties for monetary losses suffered as a result of duties that are owed to them simply as a result of the contract.  Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn. (1990), 54 Ohio St.3d 1, 7.

If the Moving Defendants' position that no contract existed between the parties is upheld by the Court, then clearly the tort causes of action are not precluded.  Regardless, the economic loss doctrine does not apply to the negligence and related causes of action, however, because the Plaintiffs have alleged more than economic injuries due to the foreclosure proceedings and the Plaintiffs' losses, which have all been well-pled.

For the sake of judicial economy, the necessary allegations to potentially prevail on these claims are set forth above. The independent contract claims and tort claims are viable and permissible as set forth above.  Again however, the Moving Defendants are not entitled to have the matter dismiss and forego the legal process.  Such determinations are not appropriate at this stage.  Such arguments of the Moving Defendants are suited for summary judgment proceedings and/or evidentiary hearings, not Civil Rule 12(B) considerations.

**F.    The Plaintiffs' claims and allegations set forth in the Complaint for Fraudulent Misrepresentation and Inducment, are sufficient to overcome a Civil Rule 12(B)(6) motion.**

The allegations in the Complaint are sufficient to survive a Civil Rule 12(B) request for dismissal.  The Plaintiffs' Complaint is sufficient in that it alleges the law and facts which support the claims of fraudulent conduct by the Moving Defendants.  The Motion to Dismiss must be denied.

Regarding the claims of fraud, a fraud claim under Ohio law has six elements:  (1) a representation or fact or, where there is a duty to disclose, a concealment; (2) which is material to the transaction; (3) made with knowledge of its falsity or with such utter disregard and recklessness that knowledge of its falsity may be inferred; (4) with the intent to mislead another in relying on it; (5) justifiable reliance; and (6) injury proximately caused by the reliance. Williams v. Aetna Fin. Co., (1998), 83 Ohio St.3d 464, 475.  The Plaintiffs' claims of fraud are sufficiently plead throughout the Complaint and should survive any Rule 12(b) challenge.

Moreover, fraud in the inducement arises when a party is induced to enter into a contract or agreement through fraud or misrepresentation, and the fraud relates not to the nature or purport of the agreement, but to the facts inducing its execution.  Haller v. Borror Corp. (1990), 50 Ohio St.3d 10, 14.  To demonstrate fraud in the inducement, the claimant must prove that the defendant made a knowing, material misrepresentation with the intent of inducing his reliance, and that he relied upon that misrepresentation to his or her detriment.  Id.; ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 502.  Again, the Plaintiffs have sufficiently presented such evidence and dismissal must be denied.

22

In addition, Rule 9(b) of the Federal Rules of Civil Procedure does not warrant dismissal. Federal Civil Rule 9(b) states that: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, Plaintiffs are required to plead with particularity the "circumstances" of the alleged fraud. Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3rd Cir. 1998). Pleading the "date, place or time" of the fraud, is not necessary so long as Plaintiffs used an alternative means of injecting precision and some measure of substantiation into their allegations of fraud. Id.

The Plaintiffs sufficiently pled fraud as a cause of action and underlying acts and inactions of the Moving Defendants supporting the remaining applicable causes of action. The Plaintiffs, for sake of judicial economy hereby incorporates by reference these allegations which must be taken as true. The Complaint as a whole more than sufficiently states with particularity the grounds and content of said allegations of fraud and related claims against the Moving Defendants. Simply because the Moving Defendants do not like these allegations and/or dispute the same, the Moving Defendants are not therefore entitled to a dismissal of the claims.

Moreover, even assuming arguendo that Plaintiffs' Complaint is not sufficiently "particular" in this Court's opinion, the question would then become whether or not to grant Plaintiffs leave to replead these causes of action. Pursuant to Rule 15 of the Federal Rules of Civil Procedure "[l]eave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). At the very least then, the Plaintiffs should be given that opportunity. The Motion to Dismiss should be denied regardless.

        **G.**    **The Plaintiffs' claims and allegations set forth in the Complaint for Civil Conspiracy, are sufficient to overcome a Civil Rule 12(B)(6) motion.**

The allegations in the Complaint are sufficient to survive a Civil Rule 12(B) request for dismissal. The Plaintiffs' Complaint is sufficient in that it alleges the law and facts which support the claims that the Moving Defendants herein engaged in fraudulent concert. The Motion to Dismiss must be denied.

The Plaintiffs' Complaint contains sufficient facts from which to directly and by inference support the conspiracy claims. The necessary elements of a civil-conspiracy claim include the following: (1) a malicious combination; (2) involving two or more persons; (3) causing injury to person or property; and (4) the existence of an unlawful act independent from the conspiracy itself. Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 475. The malice involved in the tort of civil conspiracy is "that state of mind under which a person does a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another". Pickle v. Swinehart (1960), 170 Ohio St. 441, 443. The Plaintiffs have sufficiently evidenced the various torts committed by the Defendants. The malicious combination between them in the commission of these torts and breaches of contractual, statutory, and fiduciaries duties clearly establish a conspiracy.

**H.     The Plaintiffs' claims and allegations set forth in the Complaint for OCPA - RICO, are sufficient to overcome a Civil Rule 12(B)(6) motion.**

The allegations in the Complaint are sufficient to survive a Civil Rule 12(B) request for dismissal. The Plaintiffs' Complaint is sufficient in that it alleges the law and facts which support all allegations therein. The Motion to Dismiss must be denied.

24

Regarding the RICO claims, private parties who have been injured by a violation of the RICO statute may bring a civil suit in federal court to collect damages. 18 U.S.C. § 1964(c).  A civil RICO claim has four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)).

The Moving Defendants have argued, or at least implied, that the Plaintiffs have not pled the existence of a pattern of racketeering.  "A pattern of racketeering activity" is defined by statute as requiring at least two acts of racketeering activity as predicate offenses.  Van Dorn Co., Central States Can Co. Div. v. Howington, 623 F.Supp. 1548, 1553 (N.D. Ohio 1985).  The Plaintiffs have sufficiently pled the existence of predicate offenses.

Similarly, the Ohio Consumer Sales Practices Act is remedial legislation to be construed liberally. Renner v. Procter & Gamble Co. (1988), 54 Ohio App.3d 79.  This legislation prohibits a "supplier" from committing unfair or deceptive acts in a "consumer transaction." Ohio Rev. Code Ann. § 1345.02(A).  The Plaintiffs' OCSPA claims should not be dismissed for the same and parallel reasons set forth above.

At least three (3) courts have ruled that subsequent banks and mortgage servicers are subject to the Ohio Consumer Sales Protection Act ("CSPA").  Dowling v. Litton Loan Serving, L.P., 2006 U.S. Dist. LEXIS 87098 at 42-44 (S.D. Ohio 2006) ("If the legislature intended to exempt all loan servicing agents from coverage under the CSPA, it would have done so. This Court will not extend the CSPA's exemption beyond its clear and unambiguous meaning. For that reason, the Court finds that the CSPA applies to Defendant in this case"); Kline v. Mortgage Electronic Systems, Inc., S.D. Ohio Docket No. 3:08cv408 (March 29, 2011). Thus, the Moving Defendants' arguments of non-applicability fail.

25

Section 1345.02(A) of the Ohio Revised Code prohibits unfair or deceptive consumer sales practices and provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction".  The Moving Defendants have violated the OCSPA by providing false and misleading representations in regard to the "character, amount, legal status, and ownership of the debt" and has used unfair or deceptive practices to collect and reject payments.

The Ohio Supreme Court's decision in Anderson v. Barclay's Capital Real Estate, Inc., 136 Ohio St.3d 31, 2013-Ohio-1933, holding that servicers of residential mortgage loans are generally not covered by the OCSPA, is not applicable to the instant matter.  Such claim is an alternative to the FDCPA claim and both must survive to be decided on the merits.

I.  **Any and all claims and causes of action before this Court were filed within the applicable statutory of limitations, whether in real-time or within any applicable equitable tolling period of time.**

All of the causes of action and claims set forth in the Complaint have been timely filed whether within the stated applicable statute of limitation or within any equitable tolling period. The Plaintiffs' claims are subject to equitable tolling and/or the discovery rule, which suspend the start of the running of the statutes of limitations as alleged in the Motion to Dismiss.  "The equitable tolling principles are to be read into every Federal Statute of Limitations unless Congress expressly provides to the contrary in clear and unambiguous language.  See, e.g., Rotella v. Wood, 528 U.S. 549, 560-61 (2000); Ruiz-Bueno v. Maxim Healthcare Services, Inc. (6th Cir. 2016), Case No. 15-3797.

26

The doctrine of equitable tolling can be applied when "extraordinary circumstances" prevented a party from timely performing a required act and that party acted with reasonable diligence throughout the period he sought to toll.  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).  The doctrine of equitable tolling to equitably toll the statute of limitations when the claimant has actively pursued her judicial remedies or when the complainant has been induced or tricked by her adversary's misconduct into allowing the filing deadline to pass.  Id. Aside from lacking merit, the Moving Defendants' arguments are not even properly before this Court under the scope of Civil Rule 12.

## CONCLUSION

Based upon the foregoing, Plaintiffs Bradley J. King and Anita King respectfully request this Court to deny the Motion to Dismiss filed by Defendants PennyMac Loan Services, LLC and Mortgage Electronic Registration Systems, Inc. pursuant to and in accordance with Rule 12(b), Rule 8, and Rule 9 of the Federal Rules of Civil Procedure and all other applicable to law, rules, equity, and otherwise.

Respectfully submitted,


Omar Shaaban Counsel for Plaintiffs

27

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1</u>

Plaintiffs hereby certify that this case has not been assigned to a track and has a page limitation for unassigned cases of twenty (20) pages.  Plaintiffs hereby certify that this page limitation has been modified by Judicial Order dated January 3, 2019, The foregoing memorandum adheres to the modified requirement.

Omar Shaaban Counsel for Plaintiffs

28