**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Bradley J. King, et al.,                            Case No. 3:18CV2248

           Plaintiffs

           v.                                       **ORDER**

Bank of America, N.A., et al.,,

           Defendants

      This is a foreclosure-related case arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602, *et seq.*; the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; and various provisions of Ohio law.

      Plaintiffs Bradley and Anita King executed a promissory note in favor of defendant Polaris Home Funding Corporation and a mortgage in favor of defendant Mortgage Electronic Registration Systems, Inc. (MERS). (Doc. 49, PageID 888). After Polaris assigned the note to defendant Bank of America, N.A., Bank of America filed a foreclosure complaint in the Common Pleas Court of Wood County, Ohio. (*Id.*, PageID 889). During the state-court proceedings, the trial court entered a judgment of foreclosure in favor of Bank of America and rejected the plaintiffs' argument that Bank of America did not have standing to enforce the note. (*Id.*, PageID 889–90).

      In 2018, plaintiffs brought this action in Wood County Common Pleas Court against Bank of America; MERS; PennyMac Loan Services, LLC; BAC Home Loan Servicing, LP; Polaris; Clunk, Hoose Co. LPA; and Valerie White. Their claims, at their core, allege that Bank

of America lacked standing to bring the foreclosure case, and that the various defendants mishandled the assignment of the promissory note.

Defendants PennyMac and MERS removed the case to this court on the basis of federal-question jurisdiction. (Doc. 1). Thereafter all defendants except Polaris and White (whom, it appears, plaintiffs never served) moved to dismiss for failure to state a claim. (Docs. 13, 23, 24). Plaintiffs opposed the motions (Docs. 40, 41, 42), and the defendants replied (Docs. 46, 47, 48).

Pending is Magistrate Judge Knepp's Report and Recommendation, which recommends that I grant the defendants' motions. (Doc. 49).

The Magistrate Judge concluded that res judicata, collateral estoppel, and the applicable statutes of limitations together barred all of plaintiffs' claims. (*Id.*, PageID 895–906, 907–08). Magistrate Judge Knepp also held that the plaintiffs' claim that Bank of America lacked standing to pursue the foreclosure case amounted to an improper collateral attack on the state court's foreclosure judgment. (*Id.*, PageID 906–07). Finally, the Magistrate Judge rejected plaintiffs' claim under the National Housing Act, 12 U.S.C. § 1701, because that statute does not create a private right of action. (Doc. 49, PageID 913).

Magistrate Judge Knepp advised the parties that objections to the R&R were due within fourteen days after the filing of the R&R, which occurred on June 19, 2019.

Because plaintiffs have not filed any objections, they have forfeited their right to de novo review of the R&R. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). I "need only satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." *Bogan v. Morgan*, 2012 WL 3776514, *1 (N.D. Ohio 2012) (Gaughan, J.).

Having reviewed the Magistrate Judge's thorough and persuasive R&R, I am satisfied that it properly disposes of the defendants' motions.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. MERS and PennyMac's motion to dismiss for failure to state a claim (Doc. 13) be, and the same hereby is, granted with prejudice.

2. Bank of America and BAC Home Loan's motion to dismiss for failure to state a claim (Doc. 23) be, and the same hereby is, granted with prejudice.

3. Clunk, Hoose's motion to dismiss for failure to state a claim (Doc. 24) be, and the same hereby is, granted with prejudice.

4. The claims against defendant White be, and the same hereby are, dismissed without prejudice because there is no indication that plaintiffs served White with process. *See* Fed. R. Civ. P. 4(m).

5. The case be, and the same hereby is, returned to Magistrate Judge Knepp for such further proceedings as he deems necessary regarding plaintiffs' claims against defendant Polaris.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge